**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JUSTIN PIMSNER et al.,
                Plaintiffs,

    v.                                            No. 03-CV-1373
                                                    (TJM/DRH)
NEXEN TIRE CORPORATION et al.,

                Defendants.

---

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**ORDER**

A discovery conference was held on-the-record in the above captioned case on December 23, 2004 with counsel for all parties. As decided during that conference and for the reasons stated at that time, which are incorporated herein by reference, it is hereby

**ORDERED** that:

      1. On or before **January 1, 2005**, defendants shall provide plaintiffs with an affidavit prepared by plaintiffs' counsel as stated during the conference and signed by the head of defendants' research and development department, or by another individual holding a comparable position, attesting to the fact that, as asserted by defendants' counsel, no documents exist regarding unit analysis costs as demanded by plaintiffs and ordered produced by the Court;

      2. Between **January 15 and February 15, 2005**, defendants shall make available for oral deposition any employee of defendants who may have worked in or around the "Creel Room" during January 2000, such depositions to take place at the offices of plaintiffs' counsel in Houston, Texas on dates and times to be arranged among counsel

and with all costs incurred by such employees in traveling to and from the depositions to be borne by defendants;

   3. Between **January 15 and February 15, 2005**, plaintiffs may take the oral deposition of the head of defendants' department of research and development pursuant to Fed. R. Civ. P. 30(b)(6) at the offices of defendants' counsel in New York City on a date and time to be arranged among counsel and with plaintiffs to reimburse defendants for one-half of all reasonable costs incurred by such witness in traveling to and from the deposition within thirty (30) days of receipt of an itemized bill for such costs;

   4. Plaintiffs' remaining requests for orders compelling defendants to produce various discovery are **DENIED** either as agreed to be produced by defendants or as equally discoverable during upcoming depositions; and

   5. Defendants' requests for orders regarding various discovery matters are **DENIED** in light of plaintiffs' agreements to provide signed protective orders, to comply with such order regarding the return of the "Skim Stock Formula," the destruction by plaintiffs of the "Inner Liner Formula, and the representation of plaintiffs' counsel that documents relating to plaintiff Justin Pimsner's deposition testimony concerning contracts with sponsors cannot be found or do not exist.

**IT IS SO ORDERED.**

DATED: December 27, 2004
    Albany, New York

_David R. Homer_
United States Magistrate Judge